O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LLOYD MACY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner ) <br> of Social Security, ) <br> ) <br> Defendant. ) <br> ) | CASE NO. ED CV 11-01128 RZ <br><br> MEMORANDUM OPINION <br> AND ORDER |

   Plaintiff suffered a crushed left forearm in an accident, and has limited- to-no use of his left arm and hand as a result. Following an administrative hearing, the Social Security Commissioner's delegate, the Administrative Law Judge, ruled that Plaintiff could perform his past work as a contractor. Plaintiff now sues to overturn that decision.

   In establishing the statutory scheme governing disability benefits, Congress provided that the determination of facts would be made at the administrative level. Once the matter comes into court, the Court's authority is quite limited. The Court can determine only if the Administrative Law Judge correctly followed the law, and if substantial evidence supported his factual determinations. If the Administrative Law Judge did not follow the law, or if he made a factual determination without substantial evidence to support it, then the Court can send the matter back to the Social Security Administration for further proceedings or, in rare cases, order that benefits be provided. But if the

Administrative Law Judge did his job, then the Court cannot substitute its judgment for that of the Administrative Law Judge, and the Court's task comes to an end. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

Plaintiff contends that the witnesses and doctors provided by the Social Security Administration gave evidence that he in fact was disabled. The Court has reviewed the record thoroughly and does not agree with Plaintiff. The vocational expert who testified at the hearing stated that Plaintiff could not perform any jobs under certain hypothetical conditions — that he would be off task twenty percent of the time due to pain. [Administrative Record "AR" 63] The Administrative Law Judge, however, did not accept that Plaintiff would have to be off task that much due to pain. He did not believe that Plaintiff suffered as much pain as Plaintiff asserted.

Pain is idiosyncratic; what one person tolerates, another person cannot. Since pain cannot be measured objectively, the law provides that when an administrative law judge disbelieves a claimant about the extent of his claimed pain, then the administrative law judge must give specific and legitimate reasons for his determination. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). Here the Administrative Law Judge did so. He stated that the Plaintiff's criminal past made his credibility suspect; a person's criminal history is recognized by the law as a basis for questioning the credibility of a witness. The Administrative Law Judge also stated that Plaintiff was able to undertake various activities that were inconsistent with the kind of debilitating pain that Plaintiff described. [*Id.*] In making these findings, the Administrative Law Judge acted within his authority; it is not for the Court to say that he was wrong. The fact that there may be other interpretations of a claimant's testimony that are reasonable does not mean that the ALJ erred. As long as the ALJ's interpretation is reasonable and is supported by substantial evidence, it is not the role of the Court to second-guess it. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

Properly understood, then, the record does not support Plaintiff's assertion that the witnesses testified that he could not perform any work.

   Plaintiff also asserts that the Court's own doctor verified his permanent condition. Following the administrative hearing, the Social Security Administration sent Plaintiff to an orthopedist for a consultation. That consultant did verify that Plaintiff had limited use of his left hand, but he nevertheless stated that Plaintiff retained the capacity to lift and carry up to ten pounds frequently and up to 20 pounds occasionally, and that he even could use his left hand occasionally. [AR 232-38] The consultant did not opine that Plaintiff could not work.

   Nor did Plaintiff's own doctor, despite Plaintiff's assertion to the contrary. Rather, Plaintiff's own doctor, while stating that Plaintiff could not use his left arm, stated that it was expected that Plaintiff could return to work for an eight-hour day. [AR 229]

   There being no error of law, and the record containing substantial evidence supporting the Administrative Law Judge's findings, the decision of the Commissioner is affirmed.

DATED: August 21, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE